UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-02-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

MALINDA SUE MOUNTS,
  aka LINDY     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One and Count Two of the Indictment. Count One charges a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Count Two charges a violation of 18 U.S.C. §924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Three, Four, and Five. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

    (a) Two or more persons conspired, or agreed, to distribute a mixture or

        substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b)     The Defendant knowingly and voluntarily joined that conspiracy; and

(c)     That the amount of a mixture or substance containing a detectable amount of methamphetamine that was attributable to the Defendant as a result of Defendant's own conduct and the conduct of other co-conspirators reasonably foreseeable to the Defendant was at least 50 grams.

The essential elements of Count Two are:

(a)     That the Defendant committed the crime of conspiracy to distribute 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a drug trafficking offense which may be prosecuted in a court of the United States;

(b)     That the Defendant knowingly possessed a firearm; and

(c)     That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

3.     As to Count One and Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)     Between on or about a day in December 2022 and continuing through on or about January 30, 2023, in Pike County within the Eastern District of Kentucky, the Defendant worked together with a co-conspirator to sell methamphetamine from the residence they shared in Pike County. As they sold the methamphetamine, the Defendant and the co-conspirator generally possessed firearms for protection, including protection against the dangers of drug trafficking.

(b)     On or about December 12, 2022 (approximately 56 grams) and January 20, 2023 (approximately 40 grams) law enforcement used a confidential informant to make controlled purchases of methamphetamine from the Defendant and her co-conspirator, both of whom participated in the distribution. Both transactions occurred at the residence of the Defendant and the co-conspirator, and firearms

were out and present at the residence during both transactions.

    (c)    On or about December 15, 2022, law enforcement conducted a traffic stop of a vehicle in which the co-conspirator was the driver and the Defendant was a passenger. During a subsequent search of the vehicle, law enforcement located approximately 127 grams of methamphetamine and two loaded firearms.

    (d)    On or about January 30, 2023, law enforcement executed a search warrant at the residence shared by the Defendant and the co-conspirator and located a firearm. On the same date, law enforcement also conducted a traffic stop of the co-conspirator and found him to be in possession of a firearm as well.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than forty years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Two is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct

includes between 500 grams and 1.5 kilograms of methamphetamine mixture, which corresponds to a base offense level of 30.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that all of the property listed in the forfeiture allegation of the Indictment is subject to forfeiture because the United States can

prove by a preponderance of the evidence that a nexus exists between the property and the offense.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 7/14/23    By: _____
Andrew H. Trimble
Assistant United States Attorney

Date: 07-07-2023    _____
Melinda Sue Mounts
Defendant

Date: 7/7/23    _____
Michael B. Fox
Attorney for Defendant